**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-2348**

_____

TRACY BRUNER RUSSELL,

              Plaintiff - Appellant,

        v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant – Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge. (2:10-cv-00005-jpj-pms)

_____

Submitted:  June 30, 2011            Decided:  July 22, 2011

_____

Before NIEMEYER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Hugh F. O'Donnell, CLIENT CENTERED LEGAL SERVICES OF SOUTHWEST VIRGINIA, Norton, Virginia, for Appellant.  Eric P. Kressman, Regional Chief Counsel, Victor Pane, Supervisory Attorney, Jordana Cooper, Special Assistant United States Attorney, Philadelphia, Pennsylvania; Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Bruner Russell appeals the district court's order granting the Commissioner of Social Security's summary judgment motion in Russell's action seeking review of the Commissioner's decision denying her disability insurance and supplemental security income benefits under the Social Security Act ("the Act"). On appeal, Russell raises only one issue–whether the Administrative Law Judge ("ALJ") erred in rejecting the opinion of her treating rheumatologist regarding her ability to work. Finding no error, we affirm.

"[W]e review de novo the district court's award of summary judgment, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Additionally, we review the denial of benefits under the Act to ensure that the ALJ's findings of fact "are supported by substantial evidence and [that] the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971) (internal quotation marks omitted).  We will not reweigh the evidence or make credibility determinations because those functions are left to the ALJ.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]."  Id. (alteration in original) (internal quotation marks omitted).

An ALJ is required to weigh medical opinions based on: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."  Id. at 654 (citing 20 C.F.R. § 404.1527 (2005)).  While "[c]ourts often accord greater weight to the testimony of a treating physician," id. (internal quotation marks omitted), the ALJ is not required to do so "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence."  Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see 20 C.F.R. § 404.1527(d)(2).  If the ALJ does not give the treating physician's opinion controlling weight, she must "give good reasons in [her] notice of determination or decision for the weight [she] give[s] [the] treating source's opinion."  20 C.F.R. § 404.1527(d)(2).

3

Upon review, we conclude that the ALJ did not err in discounting the opinion of Russell's treating rheumatologist. In her decision, the ALJ noted that Russell saw the rheumatologist, Dr. Morris, infrequently, and had not seen him for six months prior to his filling out the disability assessment. The decision further explains that Dr. Morris's opinion about Russell's disability was not supported by his treatment notes or by other information in the file. Although his assessment form precluded Russell from working due to limited use of her hands, his notes indicate that she was improving with treatment and his opinion is unsupported by medical tests or other evidence. On Russell's last visit to Dr. Morris prior to his assessment of her ability to work, Dr. Morris noted that Russell had no active synovitis and had the full range of motion in her hands. These notes constitute substantial evidence sufficient to allow the ALJ to discount Dr. Morris's disability assessment.

Accordingly, we affirm the district court's grant of summary judgment for the Commissioner. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED